Agnes, A.J.
This is a civil action in which the Plaintiff, Hy-Mare, Inc., seeks a declaratory judgment and damages, under several different theories, against the Defendants Kevin O’Brien and O’Brien Homes, Inc. The dispute derives from a 1986 agreement between the plaintiff and the defendants in the form of an option contract whereby the plaintiff granted to the defendants an option to purchase a parcel of land contained within a proposed subdivision of land in Tewksbury, Massachusetts. The locus that was the subject of the option was described as “lot 8 containing 93,341 square feet” on a preliminary subdivision plan proposing a 12-lot subdivision entitled “Main Street, Tewksbury, Massachusetts” and dated July 16, 1986. The option was made subject to numerous conditions. In particular, it provided that the option would not be valid if the Planning Board of the Town of Tewksbury did not approve the Preliminary Subdivision Plan or made any “substantial changes to lot 8,” and further stated that it would cease to be valid if any other local, state or federal agency required substantial changes to lot 8. The agreement contained a purchase price of $250,000. The consideration for the option was $1,000. See Exhibits A & B to the Defendants’ Opposition (Option Agreement [A] and Preliminary Plan [B ]).
It appears from the record before me that following the submission of the initial Preliminary Plan, a revised subdivision plan was submitted to the Tewksbury Planning Board by the plaintiff. This revised plan called for a nine-lot subdivision entitled “Griffin Way” and described what had formerly been called lot 8 as lot 1 containing approximately 92,771. See Exhibit C to the Defendants’ Opposition (Second Proposed Subdivision Plan). This second plan won approval from the planning Board on March 27, 1987. See Exhibit D to the Defendants’ Opposition (Letter from Project Engineer dated May 29, 1990). However, It also appears that the plaintiff withdrew this second plan in 1990 based on its inability to meet certain additional environmental requirements imposed by state government. See Exhibit D to the Defendants’ Opposition (Letter from Project Engineer dated May 29, 1990). At this point, the plaintiff indicated its intention to submit a new “Definitive Plan” with the Planning Board to reflect additional changes required by state law.
It appears that in 1992 the plaintiffs President, Mr. Kenneth Hyslip, Sr., returned the $1,000 deposit to the defendant Kevin O’Brien. See paragraph 2 of the affidavit of Kenneth Hyslip in Support of Plaintiffs Opposition to the Motion for approval of a Lis Pendens. Mr. Hyslip states that he returned the money because the defendant was having financial difficulties. Thereafter, the plaintiff once again tried to subdivide the property by submitting a third Proposed Subdivision Plan to the Tewksbury Planning Board. The Plan consisting of five lots is known as Stonebury Crossing and shows an 18.92-acre parcel (823,960 square feet) that is designated as “lot 8" and that includes the land that formerly was described as lot 8 and lot 1 in plans submitted by the plaintiff. The third subdivision plan was approved by the Tewksbury Planning Board on October 17, 2000. See Exhibit E to the Defendants’ Opposition (Third Proposed Subdivision Plan).
Meanwhile, on or about October 12, 1999, the defendant Kevin O’Brien recorded his option to purchase real estate in the Middlesex Registry of Deeds. It is unclear when the plaintiff became aware of this. However, after the option was recorded, the plaintiff sold the 18.92 acre parcel to the Third-party Defendant, L&P Properties, LLC. The sale took place on or about November 13, 2000. See Exhibit G to the Defendants’ Opposition (Deed from Plaintiff to L&P Properties); Paragraph 4 of the affidavit of Kenneth Hyslip in Support of Plaintiffs Opposition to the Motion for approval of a Lis Pendens. Several months later, on February 28, 2001, counsel for the defendants sent a letter to the plaintiff declaring the defendant Kevin O’Brien’s intention “to exercise his *682 rights pursuant to said option.” See Exhibit F to the Defendants’ Opposition (Letter ofFebruary 28,2001).
The record further indicates that Third-party Defendant L&P Properties has halted construction on lot 8 based on the claims made by the defendants, Kevin O’Brien and O’Brien Homes, and that the plaintiff has not been fully paid for the land and is owed $300,000 by L&P Properties. Paragraphs 4 and 5 of the affidavit of Kenneth Hyslip in Support of Plaintiffs Opposition to the Motion for approval of a Lis Pendens.
On or about August 2, 2001, the defendants filed a third-party complaint against L&P Properties, Inc. in which it alleges that contrary to the allegations by the plaintiff, it never accepted plaintiffs tender of the $1,000 consideration it had paid in 1986 to secure the option and believes that the option is valid. Defendant O’Brien’s Third-party Complaint at paragraph 10. In this complaint, defendant Kevin O’Brien seeks Declaratory Judgment and specific performance from defendant L&P Properties.
DISCUSSION
G.L.c. 184, §15 provides in part as follows:
A writ of entry or other proceeding, either at law or in equity, which affects the title to real property or the use and occupation thereof or the buildings thereon, shall not have any effect except against the parties thereto, their heirs and devisees and persons having actual notice thereof, until a memorandum containing the names of the parties to such proceeding, the court in which it is pending, the date of the writ or other commencement thereof, the name of the town where the real property liable to be affected thereby lies and a description of such real property sufficiently accurate for identification is recorded in the registry of deeds for the county or district where such real property lies . . .
Upon motion of any party, a justice of the court before which the action is pending shall, if the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon, make a finding to that effect and endorse said finding upon said memorandum . . .
In Sutherland v. Aolian Development Corp., 399 Mass. 36 (1987), the Supreme Judicial Court explained that the process of determining whether to approve a motion for a lis pendens does not call for a judicial determination of the merits of the underlying action, and, in particular, for an inquiry into whether a motion under Mass.R.Civ.P. 12(b)(6) to dismiss the action for failure to state a claim upon which relief could be granted would be granted. Id. at 40. “With the mandate that the judge ‘shall’ find and endorse, §15 gives little discretion to the judge once the judge determines that the subject matter of the action concerns an interest in real estate.” Id. at 41.
Despite the fact that the motion for a lis pendens arises at such a preliminary stage of the proceedings and in circumstances in which the facts are not fully developed and thus it is not possible to ascertain precisely what facts are in dispute and what facts are not in dispute, it is apparent that this case “affects the title to real property or the use and occupation thereof because the defendants Kevin O’Brien and O’Brien Homes are claiming a right to title, possession, and use of a portion of the property that was sold by the plaintiff to L&P Properties. Having made that finding, the court is not permitted to inquire further into the merits of the claim or to anticipate the outcome of a motion under rule 12(b)(6) or Rule 56.
Nevertheless, in cases such as this, there is a second inquiry that must be made when the property involved in the litigation is only a portion of the property to which the lis pendens applies. In Sutherland, supra, the Supreme Judicial Court pointed out that ”[t]he judge should be concerned about the scope of the claimed interest in real estate to assure that no more land is subject to the notice of lis pendens than the subject matter of the action asserts an interest in.” Id. at 41. In Keating v. Zukauskas, Plymouth Superior Court No. 99-761B, 10 Mass. L. Rptr. 258 (July 7, 1999) (Hely, J.), this court denied a motion for approval of a lis pendens in circumstances in which the complaint asserted an adverse possession claim “to some unspecified portion of the defendant’s Lot 2 near the lot line with the plaintiffs lot.” The motion in Keating was denied because under all the facts before the court, the trial judge determined that “the proposed memorandum is far too broad.”
In the present case, there was considerable discussion at oral argument over the scope of the proposed lis pendens. The motion filed by defendants O’Brien and O’Brien Homes refers to the entire 18.93 acre parcel conveyed by the plaintiff to Third-party defendant L&P Properties, Inc. which is described as “the real property located at 1619 Main Street, Tewksbury, Middlesex County, Massachusetts which real property is further described in a deed recorded in book 11169, Page 063 at the Middlesex North Registry of Deeds.” Proposed Memorandum of Lis Pendens submitted by defendants. That description conforms to the description in the quitclaim deed from the plaintiff to L&P Properties. See Exhibit G to the Defendants’ Opposition (Deed from Plaintiff to L&P Properties). That description, however, is overbroad. On the other hand, unlike the situation in the Keating case, we are not dealing with an unspecified parcel of land, nor are we dealing with an insignificant portion of a parcel. The land in question is described in paragraph one of the disputed option and in the first proposed Subdivision Plan submitted by the plaintiff. The question is not whether this plan was approved or whether the description of lot 8 contained in it appears in any *683 approved plan, but rather whether the disputed area of real property can be described in such a way that the public, including anyone with an interest in the real property that is the subject of this litigation, is on notice of what property is in dispute.
ORDER
Based on the foregoing, the defendants’ Motion of Lis Pendens is allowed subject to the following conditions. The plaintiff must include in the notice of Lis Pendens the following statement: “The dispute concerns the title to real property consisting of a portion of the real property located at 1619 Main Street, Tewksbury, Middlesex County, Massachusetts which real property is further described in a deed recorded in book 11169, Page 063 at the Middlesex North Registry of Deeds. The portion of the real estate in question covered by this Lis pendens is more particularly described as Proposed Lot 8 on a plan dated July 16, 1986 for Hy-Mare, Inc. containing approximately 93,341 square feet that was submitted to the Tewksbury Planning Board but not approved and that is attached hereto.” The plaintiff must reduce to a size that is appropriate for filing in the Registry of Deeds and attach a copy of the said Proposed Plan to its Memorandum of Lis Pendens. The said Proposed Plan must be clearly marked in bold letters as follows— "NOT AN APPROVED PLAN — ATTACHED FOR DESCRIPTIVE PURPOSES'ONLY."